Little v. Dawson.

been received, yet the holder shall not be permitted to suffer." 2d. Even regarding it, however, as a promise, it is not legally binding, if it was made under a mistake. (5 Burr. 2670; 2 T. R. 648; Cowp. 287; 1 P. Wms. 357; 2 Chan. Cas. 154.)

Coxe, for the plaintiff.    E. Tilghman, for the defendant.

---

*Little v. Dawson et al., Executors of Jones.            [*111

Assumpsit.

If services are rendered, merely in expectation of a legacy, without any contract, express or implied, an action cannot be maintained for them.[3]

Case, for services rendered by Jane Little, the plaintiff, to Aquila Jones the testator.

The Court, in the charge to the jury, stated, that it was in full proof, that the plaintiff had served the testator, with great diligence, for a period exceeding eleven years, on which two questions arose : 1st. Was she entitled to any compensation ? 2d. Had she received a compensation ? As to the first, it was ruled, that if the services were rendered merely in expectation of a legacy, without any contract, express or implied, but relying, implicitly, on the testator's generosity, the action could not be maintained. The weight of the evidence, however, is, that he promised to take care of her, though he did not say how ; that at one time he offered to marry her ;

---

[3] s. p. Walker's Estate, 3 Rawle 243 ; Neal v. Gilmore, 79 Penn. St. 421 ; Hartman's Appeal, 3 Grant 271. O'Kane's Estate, 2 W. N. C. 115. A contract to pay for services, by a legacy, ought to be established by clear proof. Thompson v. Stevens, 71 Penn. St. 161 ; Pollock v. Ray, 85 Id. 428.

Bradley v. Bradley.

and, at another time, he said that he would provide for her as a child.(a) As to the second question, it is merely a matter of fact, on which the jury must decide.

Verdict for the plaintiff.

For the plaintiff, *Rawle.*

For the defendant, *Sergeant* and *Roberts,* who cited 1 Vern. 98 ; 2 Atk. 251, 409 ; 2 Str. 728 ; 1 Dall. 265 ; 1 Burr. 157; Pract. Reg. 357 ; 3 Rep. Chan. 64 ; 2 Str. 910.

---

*112]            *JANUARY TERM, 1792.

---

(a) If one (no matter with what expectations) does services for another, at his request, *assumpsit* will lie to recover a compensation for them. Roberts *v.* Swift, 1 Yeates 209. Although a person serves another from expectation of a legacy, in which he is disappointed, yet if the person for whom the service was done, promises to pay for it, an action can be maintained for the value of such service ; whether the promise be made before or after the service was performed. Snyder *v.* Castor, 4 Yeates 358. Where a solicitor, in expectation of a bounty by will, did not call for payment of a debt, he was not allowed to set it up afterwards, having been disappointed in that expectation. Alsager *v.* Rowley (cited by Sir S. ROMILLY, in the case of Platamore *v.* Staple, Cooper's Ch. Cas. 252, and reported on another point in 6 Ves. 748).